**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI ASAY, | Civil Action No.: 19-16503 |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| NEW JERSEY TRANSIT RAIL OPERATIONS INC., *et al.*, | |
| Defendants. | |

**CECCHI**, **District Judge.**

This matter comes before the Court on defendant Brotherhood of Locomotive Engineers and Trainmen's ("BLET") motion to dismiss the amended complaint. ECF No. 23. Plaintiff Jodi Asay ("Plaintiff") filed a brief in opposition (ECF No. 35) and BLET filed a reply in support of the motion (ECF No. 36). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. It appearing that:

1. On August 8, 2019 Plaintiff filed a complaint in the instant matter. ECF No. 1. Plaintiff subsequently filed an amended complaint (the "Amended Complaint") on January 17, 2020. ECF No. 6.

2. The Amended Complaint alleges that Plaintiff, a former engineer for New Jersey Transit ("NJ Transit") raised issues with dangerous practices practiced by NJ Transit such as "short turns," and was subsequently retaliated against through false and unwarranted disciplinary charges, leading to her termination on December 12, 2017. Id. at 6–8. The Amended Complaint contains two counts. Count One alleges violations of the Federal Railroad Safety Act ("FRSA") by

1

Defendants NJ Transit, Brown, Decker, Mattison, Antell, and Broschardt[1] for engaging in a pattern of retaliatory behavior against Plaintiff in response to her concerns about short turns and other dangerous practices. Id. at 11–12. Count Two alleges that BLET, as Plaintiff's union, violated its duty of fair representation by failing to properly and adequately represent Plaintiff in her disciplinary hearings, including by refusing to allow Plaintiff to call witnesses, refusing to have the charging officer present, denying access to exculpatory evidence, and failing to object to a biased arbitrator. Id. at 13.

3. BLET moved to dismiss the Amended Complaint on April 6, 2020. ECF No. 23. BLET argues that Plaintiff's duty of fair representation claim fails because Plaintiff has not alleged that any employee of BLET had involvement in Plaintiff's disciplinary hearings as those matters are handled by a separate entity, that her duty of fair representation claim is time-barred, and that Plaintiff's request for punitive damages is improper. ECF No. 23-1 at 1, 4–5.

4. Plaintiff filed a brief in opposition to the motion to dismiss on May 4, 2020, along with an affidavit. ECF Nos. 35, 35-2. Plaintiff argues that dismissal is not warranted at this time because BLET Vice President Jim Louis represented her at both hearings where she alleges she was not adequately represented and because she did not became aware of the alleged retaliation scheme against her until March 2019, meaning that her claims are timely under the six month statute of limitations applicable to her duty of fair representation claim. ECF No. 35 at 2, 5. Plaintiff conceded in her brief in opposition that punitive damages are not recoverable in this matter. Id. at 13.

5. Defendant's reply focuses largely on the fact that Plaintiff raised new factual

---

[1] Plaintiff voluntarily dismissed her claims against defendants Brown and Decker on August 3, 2020. ECF No. 48.

allegations and arguments in her brief that are not present in the Amended Complaint. *See* ECF No. 36 at 2 ("Apparently now understanding that it is indisputable that neither Brown nor Decker, whose conduct lies at the heart of the Complaint, are BLET officers or have the authority to bind the BLET, she's decided to try to cast a wider net. Nowhere does the Complaint mention BLET Vice President James Louis. "); id. at 4–5 ("Plaintiff now says her tardiness should be excused because 'only with hindsight and additional information acquired after her firing was upheld did she realize' [that the duty of fair representation] had been breached. This argument is wholly inconsistent with the facts alleged in her Complaint and it is those allegations, accepted as true, that must form the basis for the Court's decision.").

      6.      Defendant is correct that new factual allegations may not be raised in briefing. *See Pennsylvania ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *McMahon v. Gen. Dynamics Corp.*, 933 F. Supp. 2d 682, 696 (D.N.J. 2013) (quoting 2 Moore's Fed. Prac. § 12.34[2]) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Plaintiff has, however, sought leave to file a second amended complaint to address any deficiencies and presumably would include many of the improperly added allegations from her brief in opposition and accompanying affidavit to the second amended complaint. ECF No. 35 at 2.

    **Accordingly, IT IS** on this 16th day of November, 2020,

    **ORDERED** that BLET's motion to dismiss the Amended Complaint (ECF No. 23) is **GRANTED**; and it is finally

**ORDERED** that Plaintiff may filed a second amended complaint within thirty (30) days of entry of this Opinion and Order which contains all relevant factual allegations relating to her claims.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**
